**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

STANLEY DAVIS,

                                  Plaintiff,

        -against-

|  |  |
|---|---|
|  | **REPORT AND** |
|  | <u>**RECOMMENDATION**</u> |

COUNTY OF SUFFOLK, TOWN OF RIVERHEAD,
THOMAS CLAVIN, in his individual capacity,
N.Y.S. TROOPERS RICHARD GANTT, GREGORY
DINI, and "JOHN" HANLEY, in their individual
capacities,

                              Defendants.
--------------------------------------------------------------X

CV 18-303 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    <u>PRELIMINARY STATEMENT</u>

*Pro Se* Plaintiff Stanley Davis ("Plaintiff") commenced this action against Defendants

County of Suffolk (the "County"), Town of Riverhead (the "Town"), Suffolk County Supreme

Court Clerk Specialist Thomas Clavin ("Clavin") and New York State Troopers Richard Gantt

("Gantt"), Gregory Dini ("Dini"), and John Hanley ("Hanley") (collectively with Gantt and Dini,

the "State Troopers"), alleging various constitutional violations arising from his arrest and

prosecution in state court. *See generally* First Amended Complaint ("FAC") [DE 20].

      The County has moved to dismiss the FAC for failure to state a claim, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. *See* County Defendant's Memorandum of Law

in Support of Motion to Dismiss ("County Def.'s Mem.") [DE 57-3]. Defendants Clavin and the

State Troopers (collectively, the "State Defendants") have also jointly moved to dismiss the FAC

for failure to state a claim under Rule 12(b)(6). *See* State Defendants' Memorandum of Law in

Support of Motion to Dismiss ("State Defs.' Mem.") [DE 58-8]; State Defendants' Reply

Memorandum of Law in Support of Motion to Dismiss ("State Defs.' Reply") [DE 58-10].

Plaintiff opposes both motions to dismiss. *See* Plaintiff's Memorandum of Law in Opposition to

State Defendants' Motion to Dismiss ("Pl.'s Opp'n to State Defs.' Mot.") [DE 58-9]; Plaintiff's

First Memorandum of Law in Opposition to County Defendant's Motion to Dismiss ("Pl.'s First

Opp'n to County Def.'s Mot.") [DE 57-7]; Plaintiff's Second Memorandum of Law in

Opposition to County Defendant's Motion to Dismiss ("Pl.'s Second Opp'n to County Def.'s

Mot.") [DE 57-8].

Judge Azrack referred both motions to this Court for a Report and Recommendation as to

whether the motions should be granted. *See* Electronic Order dated May 27, 2020. For the

reasons set forth below, this Court respectfully recommends to Judge Azrack that: (1) the

County Defendant's motion to dismiss be GRANTED; and (2) the State Defendants' motions to

dismiss be GRANTED, in part, and DENIED, in part.

## II.    BACKGROUND

### A.    Allegations in Plaintiff's Complaint

The Court takes the following allegations from the FAC and, for the reasons discussed

below, the exhibits attached to the parties' motion papers, and accepts them as true for purposes

of the instant motions. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176

(2d Cir. 2013). However, the Court does not credit conclusory statements, legal conclusions, or

unwarranted deductions. *See Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *5

(E.D.N.Y. Sept. 2, 2014) (explaining that when analyzing the sufficiency of a complaint, "mere

conclusions of law or unwarranted deductions need not be accepted").

On November 13, 2010, Plaintiff's son was tragically stabbed to death on the premises of Commack Hotel, LLC d/b/a/ Howard Johnson ("Howard Johnson"). *See* FAC at 7.[1]  Thereafter, Plaintiff instituted a civil action in the New York State Supreme Court, Suffolk County, against Howard Johnson, among others, arising from the death of his son. *Id*. at 8.  New York State State Supreme Court Justice Peter H. Mayer presided over Plaintiff's civil action. *Id*.  On June 16, 2016, Plaintiff submitted a written request to court staff for "court minutes" in connection with his civil action. *Id*. at 9.  Plaintiff alleges that his power-of-attorney picked up the requested court minutes on June 23, 2016. *Id*.

On June 30, 2016, New York State troopers arrested Plaintiff. *Id*.  He alleges that a warrant was never issued for his arrest. *Id*.  Plaintiff was charged with aggravated harassment in the second degree under New York Criminal Procedure Law ("CPL") § 240.30(1)(a). *Id*. at 8. This charge was based on the June 29, 2016 Supporting Deposition of Thomas Clavin, a Court Clerk Specialist, made under the penalty of perjury. *Id*. at 7; se*e also* Declaration of Susan M. Connolly, Esq. ("Connolly Decl.") [58-2], Ex. B (June 29, 2016 Misdemeanor Criminal Complaint signed by Richard Gantt and June 29, 2016 Complainant Supporting Deposition signed by Thomas Clavin).  Thomas Clavin is a defendant in the instant action.  In his Supporting Deposition, Clavin stated that Plaintiff called him on June 24, 2016 regarding the requested court minutes and during the call threated to "come down to the courthouse and cut off [his] head."  FAC at 7; *see also* Connolly Decl., Ex. B.  Clavin further stated that he had spoken with Plaintiff on the telephone on several occasions and was familiar with his voice.  Connolly

---

[1]     For ease of reference and because the allegations in Plaintiff's Amended Complaint are not consistently organized into consecutively-numbered paragraphs, the Court references Plaintiff's allegations by the ECF page number in his Complaint.

Decl., Ex. B.  Plaintiff alleges that "this story was invented on the 30th June" and constitutes a "post hoc affidavit."  FAC at 1, 8.

According to Plaintiff, his arrest constitutes "unconstitutional retaliation against an African-American, *pro se* Plaintiff exercising his First Amendment right to be heard by the state court."  *Id*. at 1.  Plaintiff claims that the State Troopers intimidated him by repeatedly calling his home on June 29, 2016 and then subsequently arresting him without probable cause in retaliation for his attempts to vindicate his late son's rights by filing several *pro se* lawsuits.  *Id*.

On July 1, 2016, Plaintiff was arraigned before New York State Supreme Court Justice Allen M. Smith.  FAC at 8.  Plaintiff alleges that during the arraignment, Justice Smith stated, "if you want to threaten and yell at someone don't do it to one of my clerk's, threaten and yell at me!"  *Id*.  Plaintiff asserts that "[t]his statement in and of itself demonstrates that the Judge [Smith] found Plaintiff guilty."  *Id*.  He also alleges that Justice Smith "issued an order of protection prohibiting [Plaintiff] from accessing Suffolk County Supreme Court."  *Id*. at 1.  According to Plaintiff, "[this] order … prevent[ed] Plaintiff from pursuing and defending his open *pro se* cases [and] allow[ed] [Judge] Mayer to grant summary judgment [in favor of the] defendant in one of those cases."  *Id*. at 12.  The FAC states that the "overly broad order of protection, issued pursuant to Suffolk County and Town of Riverhead policies, violated [Plaintiff's] constitutional right to seek justice in state court."  *Id*.  at 1.

Thereafter, Plaintiff was prosecuted and tried before a jury.  *Id*. at 9.  During jury selection, Plaintiff contends that Justice Smith dismissed "the only African American juror due to race."  *Id*. at 10.  Once the trial commenced, Plaintiff claims that Justice Smith "continued to threaten Plaintiff into not mentioning any occurrences from June 29th to the jury or Plaintiff would be physically dragged out of court."  *Id*. at 9.  The trial resulted in a hung jury after which

Justice Smith declared a mistrial.  *Id.*  The FAC goes on to state that the Suffolk County ADA advised he or she did not intend to retry the case, to which Justice Smith responded, "I have to check with Judge Peter H. Mayer as to what he wants me to do with this."  *Id.* at 9-10.  Plaintiff states that Justice Smith "decided not to retry the case but to fabricate court documentation stating Plaintiff is [unfit] under [New York] CPL § 730.10."  *Id.* at 10.  The FAC asserts that "Mayer and Smith did act in complicity and collusion … with Court Clerk Thomas D. Calvin in his individual capacity to deny Plaintiff his constitutional rights under the color of law."  *Id.* at 8.  As to the Town, Plaintiff claims that the Town knew "of the ongoing problem with the violent behavior of Smith," and are liable for "false arrest and negligent hiring of Smith."  *Id.* at 10.

Where the form complaint requests a description of injuries, Plaintiff states that he "was unable to defend a *pro se* case … [lost] on summary judgment" and "live[d] with the continued burden that Smith would not stop his reign of terror."  *Id.* at 12.  Plaintiff seeks "reputational damages, monetary damages, special damages, punitive damages, costs, fees, [and] injunctive relief pursuant to 42 U.S.C. § 1983 based upon the violations of Plaintiff['s] rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendment to the United States Constitution."  *Id.*

## B.   Additional Allegations in Plaintiff's Opposition

The Court notes that in his opposition to the instant motions, Plaintiff inserts additional allegations which are not in the FAC.  Although most of the additional allegations involve parties who are not named in this action and are irrelevant to the instant motion, the Court needs to briefly address those regarding the State Troopers.  Specifically, Plaintiff alleges that the State Troopers "cause[d] the Plaintiff to face deprivation of rights under color of law, violation of due process of law, false imprisonment and malicious prosecution" and "conspired, confer[red], and agreed with each other and formed the basis of the wrongs that were perpetrated against the

Plaintiff." Pl.'s Opp'n to State Defs.' Mot. at 3. Although not particularized to any named defendants, Plaintiff states that the "People of the State of New York knowingly and willfully filed false charges against [the Plaintiff]."[2] *Id* at 5. Since these allegations are consistent with those in the FAC, the Court will consider them in the instant motion. *See Ash v. City of New York*, No. 16-CV-9548, 2020 WL 58240, at *4 (S.D.N.Y. Jan. 6, 2020) ("[A]llegations made in a *pro se* plaintiff's memorandum of law, where they are consistent with those in the complaint, may also be considered on a motion to dismiss.") (citation omitted); *Finch v. New York*, No. 10-CV-9691, 2012 WL 2866253 (S.D.N.Y. May 30, 2012) (finding that while "a plaintiff cannot amend her complaint through an opposition to a motion to dismiss," the court "should read the facts alleged in a *pro se* plaintiff's complaint for whatever claims may properly be based on such facts").

### C.    Procedural Background

Plaintiff filed a Complaint on January 17, 2018 against Suffolk County, the Town of Riverhead, the State of New York, the New York State Unified Court System, and individual defendants Clavin, Gantt, Dini, and Hanley. *See generally* Compl. [DE 1]. On April 6, 2018, then presiding District Judge Joseph Bianco *sua sponte* dismissed Plaintiff's claims, with the exception of those pleaded against Clavin, Gantt, Dini and Hanley, in their individual capacities, and provided Plaintiff leave to amend his Complaint. *See* DE 8. Similarly, Judge Bianco *sua*

---

[2]    Plaintiff also alleges that the "People of the State of New York … failed to issue [Plaintiff] any Miranda Rights which was/is in violation of the [his] First, Fourth Amendment rights." Pl.'s Opp'n to State Defs.' Mot. at 5. To the extent that Plaintiff seeks to assert this claim against the State Troopers, the Court notes that "the *Miranda* warnings are prophylactic only, and are not constitutional rights in themselves." *Soto v. City of New York*, No. 04-CV-4559, 2005 WL 66893, at *5 (S.D.N.Y. Jan. 11, 2005) (citing *Weaver v. Brenner,* 40 F.3d 527, 534 (2d Cir. 1994)). Alleging that the arresting State Troopers "failed to read Plaintiff the *Miranda* warnings, without more, *e.g.,* use of a coerced statement at trial, does not raise a constitutional claim." *Id*. (citing *Weaver,* 40 F.3d at 534-35).

*sponte* dismissed Plaintiff's claims against the State of New York and the New York State Unified Court System, but did so with prejudice. *Id.* at 6-7. On January 29, 2019, Plaintiff filed a "First Amended Complaint." *See generally* FAC.

Thereafter, the case was reassigned to District Judge Joan Azrack. *See* Electronic Order, dated May 30, 2019. On October 1, 2019, the County and State Defendants filed separate, fully briefed motions to dismiss the claims asserted against them.[3] *See* County Def.'s Mem.; State Defs.' Mem.; State Defs.' Reply Mem. Plaintiff opposes both motions. *See* Pl.'s Opp'n to State Defs.' Mot.; Pl.'s First Opp'n to County Def.'s Mot.; Pl.'s Second Opp'n to County Def.'s Mot. On May 27, 2020, Judge Azrack referred both motions to this Court for a Report and Recommendation as to whether the motions should be granted. *See* May 27, 2020 Electronic Order.

While the County and State Defendants' motions to dismiss have been pending, Plaintiff filed an "Emergency Motion" seeking leave to file a second amended complaint adding, among other things, additional claims and parties. *See* DE 61. This Court denied Plaintiff's "Emergency Motion" because Plaintiff did not attach any proposed amended complaint to his motion papers. *See* DE 68. Plaintiff did not re-new his motion curing the noted deficiency. Consequently, the FAC constitutes the operative pleading at this time.

## III.   LEGAL STANDARD

It is established law in this Circuit that *pro se* filings such as Plaintiff's pleadings are to be liberally construed. *Shin v. Queens Hosp. Ctr. in Jamaica*, No. 14-CV-7237, 2014 WL 7422664, at *3 (E.D.N.Y. Dec. 31, 2014). "[A] *pro se* complaint, however inartfully pleaded,

---

[3]     The Court notes that despite having received an extension of time to serve a reply memorandum from Judge Azrack, the County ultimately did not file a reply memorandum in support of its motion to dismiss. *See* DE 55; Electronic Order, dated September 9, 2019.

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The Court must therefore "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 890 (2d Cir.1994)).

*Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Lomax v. Aegis Funding Corp.*, No. 9-2321, 2010 WL 1633440, at *2 (E.D.N.Y. Apr. 19, 2010) (quoting *Iwachiw v. N.Y. City Bd. of Educ.*, 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002)); *Guity v. Uniondale Union Free Sch. Dist.*, No. 15-CV-5693, 2017 WL 1233846, at *3 (E.D.N.Y. Mar. 31, 2017) ("Plaintiff's status as a *pro se* litigant does not relieve her of her obligation to adhere to all applicable procedural rules."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotations and citations omitted).  Likewise, "mere conclusions of law or unwarranted deductions need not be accepted." *Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *5 (E.D.N.Y. Sept. 2, 2014).

That being said, the general standard of review on a Rule 12(b)(6) motion to dismiss remains applicable here:  the Court must liberally construe the claims set forth in the Complaint, accept all factual allegations in the Complaint as true, and draw all reasonable inferences in favor of the Plaintiff.  *See Aegis Ins. Servs., Inc.*, 737 F.3d at 176; *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).  The Plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "[O]nce a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the [Amended] [C]omplaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (holding that a complaint must set forth "a plausible set of facts sufficient 'to raise a right to relief above the speculative level'") (quoting *Twombly*, 550 U.S. at 555).

In adjudicating a Rule 12(b)(6) motion, generally, the Court must limit itself to facts alleged in the operative pleading, which allegations are accepted as true; to documents attached to the operative pleading as exhibits or incorporated into the pleading by reference; to matters of which judicial notice may be taken; and to documents whose terms and effect are relied heavily upon in the operative pleading and, thus, are rendered "integral" to it. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014). To the extent "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Wrap-N-Pack, Inc. v. Eisenberg*, No. 04-CV-4887, 2007 WL 952069, at *5 (E.D.N.Y. Mar. 29, 2007). Importantly, however, "in deciding a motion to dismiss a pro se complaint, it is appropriate to consider 'materials outside the complaint to the extent that they are consistent with the allegations in the complaint,' *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013), including 'documents that a pro se litigant attaches to his opposition papers.'" *Martinez v. Aycock-W.*, 164 F. Supp. 3d 502, 508 (S.D.N.Y. 2016) (quoting *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010)).

Upon review of the documents submitted with the parties' motion papers, the Court does not find conversion to a Rule 56 motion necessary here. Specifically, in support of their motion, the State Defendants have submitted (1) the Criminal Complaint and Supporting Deposition of Thomas Clavin, *see* Connelly Decl., Ex. B; (2) Transcripts of the Criminal Arraignment and Trial, *see* Connelly Decl., Ex C [DE 58-3 to 58-6]; and (3) Court Orders in the state civil action, s*ee* Connelly Decl., Ex. D [DE 58-7]. Each of these documents is either referenced in the FAC, is integral to it, or is something of which the Court may properly take judicial notice. *See Romero v. Bestcare Inc.,* No. 15-CV-7397, 2017 WL 1180518, at *3 (E.D.N.Y. Mar. 29, 2017) ("On a motion to dismiss, the court may consider documents attached to the complaint, documents incorporated into the complaint by reference and facts of which the court may take judicial notice."); *Cooper v. City of New York*, No. 17-CV-1517, 2018 WL 4762248, at *4 (E.D.N.Y. Sept. 29, 2018) ("The court takes judicial notice of the Arrest Report, Complaint Report, and the Criminal Court Complaint. It is well established that these documents are matters of public record and, as such, the court may consider them on a motion to dismiss."); *Liang v. City of New York*, No. 10-CV-3089, 2013 WL 5366394, at *5 (E.D.N.Y. Sept. 24, 2013); *Wims v. N.Y.C. Police Dep't*, No. 10-CV-6128, 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011) ("[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports, criminal complaints, indictments and criminal disposition data." (citation and internal quotation marks omitted)). Accordingly, all documents in the parties' filings are within the scope of consideration on the instant motions to dismiss.

## IV.   DISCUSSION

### A.   Claims Against the State Defendants

Construing the FAC and Plaintiff's opposition liberally, Plaintiff asserts claims for false

arrest, malicious prosecution, and First Amendment retaliation under Section 1983 and claims

for conspiracy under Sections 1983, 1985, and 1986 against the State Defendants.[4]  *See*

*generally* FAC; Pl.'s Opp'n to State Defs.' Mot.   The claims for false arrest and malicious

prosecution implicate Plaintiff's right to be free from unreasonable seizure as provided by the

Fourth Amendment and his right to due process as guaranteed by the Fourteenth Amendment.

*See Shepler v. Collura*, No. 17-CV-10254, 2020 WL 729763, at *4 (S.D.N.Y. Feb. 13, 2020).

The State Defendants move to dismiss Plaintiff's Section 1983 claims chiefly arguing that

probable cause existed to arrest and prosecute Plaintiff based on Defendant Clavin's signed

complaint charging Plaintiff with the crime for which he was arrested.   *See* State Defs.' Mem. at

19.   The State Defendants also move to dismiss Plaintiff's conspiracy claims on the basis that

Plaintiff has failed to sufficiently allege conduct tending to show a meeting of the minds between

---

[4]      The FAC and Plaintiff's opposition papers make passing reference to an Eighth Amendment violation for cruel and unusual punishment and a violation of Title VI of the Civil Rights Act of 1964.   *See* FAC at 10; Pl.'s Opp'n to State Defs.' Mot. at 3; Pl.'s Second Opp'n to County Def's Mot. at 3.   However, it is entirely unclear on what factual basis these violations are asserted or exactly whom they are asserted against.   Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. 678.   A pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice.   *Id.* (internal citations and alterations omitted).   A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is alleging and to know whether there is a legal basis for recovery.   *Harte v. City of New York*, No. 19-CV-1029, 2019 WL 1492912, at *3 (E.D.N.Y. Apr. 4, 2019), *aff'd*, 799 Fed. App'x 96 (2d Cir. 2020) (citing *Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005).   Even liberally viewing the FAC and Plaintiff's opposition, these claims have not been sufficiently pled against the State Defendants.   Therefore, the Court will not address them in the instant motions.

the alleged conspirators. [5]  *See* State Defs.' Mem. at 16-18.  In his opposition to the motion, Plaintiff does not address the specific arguments raised by the State Defendants.  Instead, Plaintiff largely reiterates the facts from the FAC and includes additional allegations regarding non-parties.  *See generally* Pl.'s Opp'n to State Defs.' Mot.

>    ### *1.   Section 1983*

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983; *see Filarsky v. Delia,* 132 S. Ct. 1657, 1661 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law").  To prevail on a claim under Section 1983, plaintiff must allege that the challenged conduct (1) was "committed by a person acting under state law," and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks and citation omitted).  Section 1983 does not itself create substantive rights; rather the statute itself affords only "a method for vindicating federal rights elsewhere conferred."  *Patterson v. Cnty. of Oneida,* 375 F.3d 206, 225 (2d Cir. 2004).  "Thus, a civil rights action brought under § 1983 will stand only insofar as the plaintiff can prove an actual violation of his rights under the Constitution or federal law."

---

[5]       The State Defendants also seek to dismiss any claims that may be construed against Justices Mayer and Smith.  *See* State Defs.' Mem. at 12-14; State Defs.' Reply at 1-2.  However, since these individuals are not named parties to this action, the Court need not address any claims purportedly asserted against them.  In doing so, the Court takes no position as to the merits of any of those claims.

*O'Callaghan v. City of New York*, No. 16-CV-1139, 2016 WL 7177509, at *4 (S.D.N.Y. Dec. 8, 2016) (citing *Singer*, 63 F.3d at 119).

### a. False Arrest

A false arrest claim under Section 1983 rests on an individual's Fourth Amendment right to be free from unreasonable seizures, including arrest without probable cause. The federal claim is substantially the same as a claim for false arrest under New York law. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted); *Jocks v. Tavernier,* 316 F.3d 128, 134 (2d Cir. 2003) ("Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are "substantially the same" as claims for false arrest or malicious prosecution under state law") (citation omitted). To state a claim for false arrest, a plaintiff must show that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Liranzo v. United States,* 690 F.3d 78, 95 (2d Cir. 2012) (internal quotation marks and citation omitted).

"[T]he existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch,* 439 F.3d 149, 152 (2d Cir. 2006) (citing *Weyant*, 101 F.3d at 852); *see also Daniels v. New York City*, 117 F. Supp. 3d 239, 241 (E.D.N.Y. 2015) ("The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest....'") (citation omitted). A law enforcement officer "has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* at 439 F.3d at 152 (internal quotation marks omitted). Courts

must determine "whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Miller v. City of New York,* 700 Fed. App'x 57, 58 (2d Cir. 2017) (citing *Singer*, 63 F.3d at 119); *see also Jean v. City of New York*, No. 09-CV-0801, 2011 WL 4529634, at *4 (E.D.N.Y. Sept. 28, 2011) ("Unless there are circumstances that raise doubt as to the victim's veracity, a victim's report of a crime is generally enough, by itself, to establish probable cause.") (internal quotations and citation omitted).

Accepting Plaintiff's allegations as true and construing all inferences in his favor, the Court finds that Plaintiff has adequately made out a claim for false arrest against the State Defendants. Although probable cause would have otherwise existed based on the signed complaint of the victim of the crime, namely, Defendant Clavin, Plaintiff alleges, albeit inartfully, that the State Troopers arrested Plaintiff prior to obtaining the signed complaint and that the signed complaint was only created after the fact in order to justify his arrest. The State Defendants argue that these allegations, stated in conclusory fashion, are insufficient to plausibly allege a false arrest claim and are analogous to those pleaded in *Lowery v. City of New York*, No. 10-CV-7284, 2014 WL 2567104, at *4 (S.D.N.Y. June 6, 2014) where the court dismissed the plaintiff's false arrest claim. However, unlike *Lowery*, where the plaintiff claimed "her arrest was without 'legal justification and/or probable cause,' that her indictment was the product of false allegations, and that the investigation into her conduct was otherwise insufficient and

'tainted by official misconduct,'" the Plaintiff here asserts the factual basis for which he contends that probable cause was lacking.

At this stage, the Court finds that the factual allegations, although sparse, regarding the absence of a signed victim complaint prior to the arrest and the "post hoc" creation of the signed complaint are sufficient to state a lack of probable cause and to form the basis of a false arrest claim.  Moreover, in the absence of any signed victim complaint prior to the arrest – an allegation which the Court must accept as true for purposes of this motion -- there are no facts alleged in the Complaint from which the Court may conclude that there was "arguable probable cause" to arrest Plaintiff.  *See Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017) (citation omitted) (Even in the absence of probable cause, "an officer is entitled to qualified immunity from a federal false arrest and imprisonment claim if [she] had arguable probable cause to arrest the plaintiff for any offense, regardless of the offense with which the plaintiff was actually charged."); *Barnett v. Mt. Vernon Police Dept.*, 523 Fed. App'x 811, 813 (2d Cir. 2013) ("[A] defendant asserting a qualified immunity defense on a motion to dismiss 'faces a formidable hurdle ... [and] will succeed only where entitlement to qualified immunity can be established "based [solely] on facts appearing on the face of the complaint.") (citation omitted). Therefore, the State Troopers are not entitled to qualified immunity on this claim at this stage of the proceedings.

However, in alleging that the State Troopers arrested Plaintiff absent Defendant Clavin's signed complaint, without more, forecloses any false arrest claim against Defendant Clavin because the purported false accusation in the signed complaint clearly did not cause the arrest. *See Moritz v. Town of Warwick*, No. 15-CV-5424, 2017 WL 4785462, at *15 (S.D.N.Y. Oct. 19, 2017) ("Giving false information to the police may be sufficient to prove that a defendant caused

the arrest of and/or initiated a criminal proceeding against the plaintiff, where that information was relied upon to make the arrest and/or proceed with prosecution.") (collecting cases).

Accordingly, the Court respectfully recommends to Judge Azrack that the State Defendants' motion to dismiss Plaintiff's false arrest claim be DENIED as to the State Troopers, but GRANTED as to Defendant Clavin.

### b.    Malicious Prosecution

A claim for malicious prosecution under Section 1983 is governed by the same standards which apply under New York state law.  *See Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995).  To state a claim for malicious prosecution under New York law, the plaintiff must allege: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice."  *Anderson v. Cnty. of Nassau*, 297 F. Supp. 2d 540, 546 (citing *Riccuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)).

Just like a claim for false arrest, "[t]he existence of probable cause is an absolute defense to a cause of action for malicious prosecution."  *Maron v. Cnty. of Albany*, 166 Fed. Appx. 540, 541 (2d Cir. 2011); *see also Kanderskaya v. City of New York*, 11 F. Supp. 3d 431, 436 n.1 (S.D.N.Y. 2014), *aff'd*, 509 Fed. App'x. 112 (2d Cir. 2015).  "The existence of probable cause at the time of arrest ... may not be dispositive of the issue as to the malicious prosecution claim, because ... evidence could later surface which would eliminate that probable cause."  *Mitchell v. Cnty. of Nassau*, 786 F. Supp. 2d 545, 562 (E.D.N.Y. 2011); *see also Gaston v. City of New York*, 851 F. Supp. 2d 780, 793 (S.D.N.Y. 2012) ("The determination of probable cause in the context of malicious prosecution is essentially the same as for false arrest, 'except that [a claim for malicious prosecution] must be evaluated in light of the facts known or believed at the time the

prosecution is initiated, rather than at the time of arrest.'") (quoting *Danielak v. City of New York*, 02-CV-2349, 2005 WL 2347095, at \*10 (E.D.N.Y. Sept. 26, 2005)).

Here, even accepting the allegations in the FAC as true and drawing all inferences in Plaintiff's favor, the Court finds that probable cause existed at the time of prosecution. Although he alleges that Defendant Clavin's signed complaint was created after the arrest, Plaintiff concedes that it was created prior to the time of prosecution. And, while the Plaintiff alleges that his prosecution was based on a false accusation in the signed complaint, Plaintiff does not allege any facts from which the Court may plausibly infer that the State Troopers were aware or should have been aware of the falsity of the accusation. *See Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, No. 12-CV-0974, 2015 WL 5729969, at \*36 (S.D.N.Y. Sept. 30, 2015) ("Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it."). Plaintiff's conclusory and vague allegation that the "People of the State of New York knowingly and willfully filed false charges against [Plaintiff]," cannot support a malicious prosecution claim against the State Troopers.

As to Defendant Clavin, "[w]here a party is responsible for providing false information or manufactured evidence that influences a decision whether to prosecute, he may be held liable for malicious prosecution." *Ratner v. Robinson*, No. 13-CV-6278, 2015 WL 6965077, at \*12 (E.D.N.Y. Nov. 10, 2015) (citing *Chimurenga v. City of N.Y. City Transit Auth.,* 45 F. Supp. 2d 337, 343 (S.D.N.Y.1999)). However, "'[m]erely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police.'" *Estiverne v. Esernio-Jenssen*, 581 F. Supp. 2d 335, 348 (E.D.N.Y. 2008) (citation omitted); *see also Rivers v. Towers, Perrin, Forster & Crosby, Inc.*, No. 07-CV-5441, 2009 WL

817852, at *3 (E.D.N.Y. Mar. 27, 2009) ("Giving information to the police that is known to be false qualifies as the commencement of a prosecution."); *Emanuel v. Griffin*, No. 13-CV-1806, 2013 WL 5477505, at *8 (S.D.N.Y. Oct. 2, 2013). Here, Plaintiff did not allege that Defendant Clavin knew his statements in the signed complaint were false. Again, the allegation that the "People of the State of New York knowingly and willfully filed false charges against [Plaintiff]," is simply too conclusory and vague to plausibly support the inference that Defendant Clavin knew the information he provided to the State Troopers was false.

Accordingly, the Court respectfully recommends to Judge Azrack that the State Defendants' motion to dismiss Plaintiff's malicious prosecution claim be GRANTED.

### c.    First Amendment Retaliation

To state a free speech claim under Section 1983, a plaintiff must allege: (1) an interest protected by the First Amendment; (2) that the defendants' actions were motivated or substantially caused by the exercise of the plaintiff's First Amendment right; and (3) the defendants' actions effectively chilled the exercise of the plaintiff's First Amendment right. *Curley v. Vill. of Suffern,* 268 F.3d 65, 73 (2d Cir. 2001). The State Defendants argue that the existence of probable cause defeats a First Amendment claim premised on the allegation that the Plaintiff was arrested based on a retaliatory motive. *See* State Defs.' Mem. at 20-21; *Galarza v. Monti*, 327 F. Supp. 3d 594, 604 (S.D.N.Y. 2018), *appeal dismissed sub nom. Galarza v. New York City Police Dep't*, No. 18-2715, 2019 WL 4409695 (2d Cir. July 22, 2019) ("The existence of probable cause defeats a First Amendment claim premised on the allegation that defendants arrested a plaintiff based on a retaliatory motive."). Alternatively, the State Defendants argue that Plaintiff's retaliation claim must nonetheless be dismiss because it is supported by "threadbare recitals of the elements of a cause of action." *Id*.

The Court has already found that Plaintiff adequately alleged the State Troopers lacked probable cause to arrest him for the reasons stated above in Section IV(A)(1)(a).  That finding bars any such defense to Plaintiff's First Amendment retaliation claim.  Nonetheless, the Court holds that Plaintiff has not adequately made out a First Amendment retaliation claim against the State Defendants -- even accepting his allegations as true and drawing all inferences in his favor.  Plaintiff alleges that the State Troopers intimidated and subsequently arrested him without probable cause in retaliation for his attempts to vindicate his late son's rights by filing several *pro se* lawsuits.  *See* FAC at 1.  However, as the State Defendants point out, this allegation is conclusory and recites the bare elements of a First Amendment retaliation claim.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Here, Plaintiff has not supported his retaliation claim with any factual allegations stating "more than a sheer possibility that a defendant has acted unlawfully."  *See id.*; *Zappin v. Collazo*, No. 19-CV-10573, 2020 WL 5646496, at *10 (S.D.N.Y. Sept. 22, 2020) ("[T]he naked allegations that Dopico's alleged acts were improper and caused by Plaintiff's exercising his First Amendment rights are merely conclusory.  The allegations mostly track the elements of the claim: that Dopico's actions were done in an effort to 'retaliate' and with the awareness that Plaintiff was subject to a 'sham unconstitutional' proceeding in New York.  These allegations do not raise Plaintiff's claim 'above the speculative level.'") (citations omitted).

For these reasons, the Court respectfully recommends to Judge Azrack that the State Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim be GRANTED.

### 2. Sections 1983, 1985, and 1986

Plaintiff appears to assert three distinct conspiracies to violate his constitutional rights, including one among Judge Mayer, Judge Smith and Defendant Clavin, one among the State Troopers, and a third overall larger conspiracy among all of these individuals. *See* FAC at 8; Pl's Opp'n to State Defs.' Mot. to Dismiss at 3, 5. The Court construes the FAC to assert conspiracy claims under Sections 1983, 1985, and 1986 because Plaintiff has referenced each of the statutes in both the FAC and in his opposition papers. *See* FAC at 11; Pl.'s Opp'n to State Defs.' Mot. at 6; Pl.'s Second Opp'n to County Defs.' Mot. at 6.

To state a civil rights conspiracy claim under Section 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Zhang Jingrong v. Chinese Anti-Cult World All.*, 287 F. Supp. 3d 290, 297 (E.D.N.Y. 2018) (quoting *Britt. Garcia*, 457 F. 3d 264, 270 n.4 (2d Cir. 2006)). "A § 1985(3) violation must be motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Beni v. New York*, No. 18-CV-0615, 2019 WL 7598702, at *5 (E.D.N.Y. Aug. 19, 2019), *report and recommendation adopted*, No. 18-CV-0615, 2019 WL 4894243 (E.D.N.Y. Sept. 30, 2019) (citing *Emmons v. City University of New York*, 715 F. Supp. 2d 394, 416 (E.D.N.Y. Jun. 2, 2010)). "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that

goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (citations omitted).

To survive a motion to dismiss, a plaintiff must set forth "specific factual allegations" regarding the conspiracy. *Beni,* 2019 WL 7598702, at \*5 (citing *Vertical Broadcasting*, 84 F. Supp. 2d at 389-90); *see also Myers v. Cnty. of Nassau*, 825 F. Supp. 2d 359, 367 (E.D.N.Y. 2011) ("A claim of a Section 1983 conspiracy must be supported by more than conclusory allegations.  Specifically, a plaintiff must allege with some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy.") (internal quotation and citation omitted).  The plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Id. (citing Webb v. Goord*, 340 F. 3d 105, 110 (2d Cir. 2003)).  Vague and conclusory allegations that defendants have engaged in a conspiracy cannot be sustained. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002); *Webb*, 340 F. 3d at 110-11 (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds").

Section 1986 provides that any "person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do" shall be liable to the injured party. *Carr v. Cnty. of Sullivan*, No. 16-CV-06850, 2018 WL 3733952, at \*12 (S.D.N.Y. Aug. 3, 2018) (citing 42 U.S.C. § 1986).  It is well-established that a violation of § 1986 is predicated on a violation of § 1985, as the former provides a remedy for a violation of the latter.  *See, e.g., Brown v. Cnty. of Oneonta*, 221 F. 3d 329, 341 (2d Cir. 2000); *Cater v. New York*, No. 17-Civ-9032, 2018 WL 3093964, at \*7 (S.D.N.Y. June 21, 2018).

Even assuming that Plaintiff stated a violation of a constitutional right, Plaintiff does not assert **any** facts, let alone sufficiently specific facts -- beyond the bare conclusory allegation that Defendants conspired to deprive Plaintiff of his constitutional rights -- which support a meeting of the minds among the alleged conspirators.  Plaintiff also does not set forth any facts indicating that the alleged conspiracy was motivated by discriminatory animus which is necessary to sustain a conspiracy claim under Section 1985.  *See Khan*, 2016 WL 1128298, at *7-8 (recommending dismissal of plaintiff's §§ 1985(2)-(3) conspiracy claims because she did not refer to specific acts or statements by the defendants to suggest discriminatory animus or allege a specific agreement between defendants to conspire to violate her rights); *Hadid v. City of New York,* No. 15-CV-0019, 2015 WL 7734098, at *11 (E.D.N.Y. Nov. 30, 2015) ("To survive a motion to dismiss with respect to both §1983 and § 1985(3) conspiracy claim, a plaintiff must do more than just state vague and conclusory allegations that Defendants entered into an unlawful agreement."); *Stepanian v. City of New York,* No. 15-CV-1943, 2015 WL 5350801, at *5 (E.D.N.Y. Sept. 14, 2015) ("As the Second Circuit has noted, complaints containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights warrant dismissal.").  Moreover, because Plaintiff has failed to state a Section 1985 conspiracy claim, he has no actionable Section 1986 claim to the extent one may be construed against the State Defendants.  *See Oliver v. New York State Police*, No. 15-CV-0444, 2020 WL 1989180, at *50 (N.D.N.Y. Apr. 27, 2020) ("In the absence of a viable conspiracy claim, Defendants are entitled to dismissal of Plaintiff's Section 1986 failure to prevent conspiracy claim."); *Johnson v. City of New York*, No. 16-CV-2879, 2018 WL 1175139, at *4 (E.D.N.Y. Mar. 5, 2018) ("In light of the dismissal of Plaintiff's section 1985 claim, Plaintiff's section 1986 claim is also dismissed because 'a § 1986 claim must be predicated upon a valid

§ 1985 claim.'") (citations omitted); *Carr*, 2018 WL 3733952, at *12 (dismissing the plaintiff's

§ 1986 claim because she failed to plead a § 1985 conspiracy claim).

Accordingly, the Court respectfully recommends to Judge Azrack that the State

Defendants' motion to dismiss Plaintiff's Section 1983, 1985, and 1986 conspiracy claims be

GRANTED.

### B.    Claims Against the County

Liberally construing the FAC and Plaintiff's opposition, Plaintiff attempts to assert a

*Monell* claim under Section 1983 against the County.  *See generally* FAC; Pl.'s Opp'n to State

Defs.' Mot.  The County Defendants move to dismiss the FAC, arguing that the County has no

authority to set policy for the Suffolk County Supreme Court and that Plaintiff's conclusory

allegation of the existence of a municipal policy or custom which caused the alleged

constitutional violation is insufficient to state a claim to relief that is plausible on its face.  *See*

County Def.'s Mem. at 6-9.  In opposition to the County Defendant's motion, Plaintiff does not

specifically address the arguments raised by the County, but instead reiterates and expands

slightly on certain facts that are unrelated to the County Defendant.  *See generally* Pl.'s Opp'n to

County Def.'s Mot.

Under Section 1983, municipalities are "not vicariously liable ... for their employees'

actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).  Under *Monell v. Department of Social*

*Services*, 436 U.S. 658 (1978), constitutional tort claims against a municipality lie only if the

complained-of injury was inflicted pursuant to "policy or custom, whether made by [the

municipality's] lawmakers or by those whose edicts or acts may fairly be said to represent

official policy," *id.* at 694.  Thus, to survive a motion to dismiss, a plaintiff bringing claims

against a municipality must plead "facts suggesting the policy [or custom's] existence." *Brown*

*v. City of New York,* No. 18-CV-3287, 2020 WL 1819880, at *6 (S.D.N.Y. Apr. 9, 2020) (quoting *Missel v. Cnty. of Monroe*, 351 Fed. Appx. 543, 545 (2d Cir. 2009) (summary order)). Moreover, a "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Gaston v. Ruiz*, No. 17-CV-1252, 2018 WL 3336448, at *5 (E.D.N.Y. July 6, 2018) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)); *see also Deraffele v. City of New Rochelle*, No. 15-CV-282, 2016 WL 1274590, at *17 (S.D.N.Y. Mar. 30, 2016) ("A *Monell* claim cannot go forward based on conclusory claims regarding a single incident without more evidence that connects this incident to a municipal policy or practice.").

Plaintiff contends that the "overly broad order of protection, issued pursuant to Suffolk County and Town of Riverhead policies, violated [his] constitutional right to seek justice in state court." FAC at 1. Even assuming that the "order of protection" at issue violated Plaintiff's constitutional rights, Plaintiff's bare and conclusory allegation of the existence of a municipal custom and policy under which the "order of protection" was issued is insufficient to state a *Monell* claim. *See Wheeler v. Wallkill*, No. 16-CV-7441, 2017 WL 2999503, at *6 (S.D.N.Y. July 13, 2017) (citation omitted) ("Allegations that a defendant acted pursuant to a policy or custom without any facts suggesting the policy's existence, are plainly insufficient."); *O'Callaghan*, 2016 WL 7177509, at *9 ("Because Plaintiff fails to point to any non-conclusory plausible factual allegations concerning the policy that resulted in the deprivation of his rights, the remaining [*Monell*] claim must also be dismissed."); *Gordon v. City of N.Y.*, No. 10-CV-5148, 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (dismissing *Monell* claim where the plaintiff's "allegation is unsupported by anything other than the facts of what occurred in his particular case"); *Missel*, 351 Fed. App'x at 545 ("To allege the existence of an affirmative

municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality.").

Caselaw suggests that the County cannot be held liable for the actions of the Suffolk County Supreme Court, or of an official acting on behalf of the Court, because the Suffolk County Supreme Court is part of the New York State Unified Court System, *see* N.Y. Const., Art. VI, § 1[a], an entity over which the County has no control.  *See Arce v. Turnbull*, No. 17-CV-696, 2019 WL 4451477, at *5 (W.D.N.Y. Sept. 17, 2019) ("The [Chautauqua County Family Court and Chautauqua County] have no relationship other than occupying the same jurisdictional territory.  Yet [plaintiff's *Monell*] claim against Chautauqua County is premised on the county's non-existent control over the court. … Again, [plaintiff's] issue is with the court, not the county. [Plaintiff] therefore fails to state a plausible claim that Chautauqua County is responsible for any of his claims, and his claim against the county is dismissed."); *Ceparano v. Southampton Justice Court*, No. 09-CV-0423, 2010 WL 11527157, at *12 (E.D.N.Y. Mar. 22, 2010), *report and recommendation adopted*, No. 09-CV-0423, 2010 WL 11527158 (E.D.N.Y. May 12, 2010), *aff'd*, 404 Fed. App'x 537 (2d Cir. 2011) ("Because the Southampton Village Justice Court is part of the New York State Unified Court System, the failure of the Southampton Court, or of an official acting on behalf of the Court, to recall the warrant cannot result in the imposition of liability on the Village of Southampton.") (citations omitted).

For this reason, the Court respectfully recommends to Judge Azrack that the County Defendant's motion to dismiss Plaintiff's *Monell* claim be GRANTED.

### C.     Leave to Re-Plead

 "When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005) (citing *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them")).  The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."  *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)), *overruled on other grounds by Gonzaga v. Doe*, 536 U.S. 273 (2002); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated.  *Clifton v. Hra Nyc Govt*, No. 16-1753, 2016 WL 4203486, at *1 (E.D.N.Y. Aug. 9, 2016) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Even under this liberal standard, however, the court may decline to provide the plaintiff with an opportunity to re-plead if the court finds that the plaintiff "cannot correct the defects in his federal claims" and therefore "any attempt to amend the pleading . . . would be futile." *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *5 (E.D.N.Y. Apr. 10, 2012); *see Cuoco*, 222 F.3d at 112 (citing *Hunt v. Alliance N. Am. Gov't Income Trust*, 159 F.3d 723, 728 (2d Cir. 1998)) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile. Such a futile request to replead should

be denied.").  Moreover, while amendments to *pro se* complaints should be granted "fairly freely," even *pro se* litigants are not entitled to unlimited opportunities to amend their pleadings. *Hagans v. Nassau Cnty, Police Dep't*, No. 18-CV-1918, 2020 WL 1289529, at *9 (E.D.N.Y. Mar. 18, 2020) (quoting *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980)); *Best v. City of N.Y.*, No. 12-CV-7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014).

The Court notes that Plaintiff has previously been given the opportunity to amend his pleadings.  Likewise, in opposing the instant motions, Plaintiff has included additional allegations and claims against the County and State Defendants which the Court has considered in the instant motion.  The Court has no idea whether Plaintiff is in possession of any facts or information sufficient to cure the deficiencies delineated in this decision.  The Court therefore defers to Judge Azrack with respect to whether the Plaintiff should be given any further opportunity to re-plead his claims against the County and State Defendants.

## V.   CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Azrack that: (1) the County Defendants motion to dismiss be GRANTED; and (2) the State Defendants motions to dismiss be GRANTED (a) as to Plaintiff's false arrest claim against Defendant Clavin and (b) as to the malicious prosecution, First Amendment retaliation claim, and conspiracy claims against the State Defendants.  The Court further recommends that Defendants' motion to dismiss Plaintiff's false arrest claim against Defendants Gantt, Dini, and Hanley be DENIED.

## VI.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See* Fed. R. Civ. P. 6(a), (e).  Such objections by an attorney of record shall

be filed with the Clerk of the Court via ECF. **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joan M. Azrack. Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections**. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Counsel for Defendant Suffolk County is directed to serve a copy of this Report and Recommendation forthwith upon the *pro se* Plaintiff by overnight and first-class mail and to file proof of service on ECF by November 4, 2020.**

**SO ORDERED.**

Dated: Central Islip, New York
       October 30, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge