FILED
CLERK
12/1/2020 9:32 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

For Online Publication Only

STANLEY DAVIS,

                Plaintiff,

    -against-

COUNTY OF SUFFOLK, et al.,

                Defendants.
----------------------------------------------------------------X

**ORDER**
18-CV-303 (JMA) (AKT)

**AZRACK, United States District Judge:**

Pro se plaintiff Stanley Davis ("Plaintiff") commenced this action against defendants County of Suffolk (the "County"), Town of Riverhead (the "Town"), Suffolk County Supreme Court Clerk Specialist Thomas Clavin ("Clavin") and New York State Troopers Richard Gantt ("Gantt"), Gregory Dini ("Dini"), and John Hanley ("Hanley") (collectively with Gantt and Dini, the "State Troopers") in January 2018. On January 29, 2019, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 20.) In the FAC, Plaintiff alleges false arrest, malicious prosecution, First Amendment retaliation, and Section 1983, 1985, and 1986 conspiracy claims against the State Troopers and Defendant Clavin (together the "State Defendants"), and alleges a Monell claim under Section 1983 against the County.

On October 1, 2019, the County filed a motion to dismiss the FAC, (ECF No. 57), and the State Defendants filed a joint motion to dismiss the FAC, (ECF No. 58.) On May 27, 2020, the Court referred both motions to dismiss to Magistrate Judge Tomlinson for a Report and Recommendation ("R&R"). (Electronic Order, 5/27/2020.) Judge Tomlinson issued an R&R dated October 30, 2020 recommending that (1) the County's motion to dismiss be granted; and (2) the State Defendants' motions to dismiss be granted, in part, and denied, in part. (ECF No. 77.)

Plaintiff filed a timely objection to the R&R, (ECF No. 80), to which the County filed an opposition. (ECF No. 81.) After conducting a review of the full record (including the motion papers, R&R, objections, and opposition) and applicable law, the Court adopts Judge Tomlinson's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and Plaintiff's objections. I agree with Judge Tomlinson's recommendation that: (1) the State Defendants' motion to dismiss Plaintiff's false arrest claim be denied as to the State Troopers but granted as to Defendant Clavin; and (2) the State Defendants' motion to dismiss all the remaining claims be granted. Plaintiff's objections to the R&R fail to object to any of Judge Tomlinson's specific findings. (ECF No. 80.) Rather, Plaintiff simply repeats allegations from the FAC and opposition to the instant motions to dismiss and seems to argue, at a general level, that there is widespread corruption in Suffolk County and the Suffolk County District Attorney's office.[1] Id.

The Court therefore adopts Judge Tomlinson's comprehensive and well-reasoned R&R in

---

[1] Given the nature of Plaintiff's objections, the Court finds that Plaintiff is only entitled to clear error review of the R&R. Plaintiff cannot show clear error. Additionally, even under de novo review, the Court overrules Plaintiff's objections and adopts the R&R.

2

its entirety as the opinion of this Court. Accordingly, (1) the County's motion to dismiss is GRANTED; and (2) the State Defendants' motions to dismiss are GRANTED, in part, and DENIED, in part.

Finally, Judge Tomlinson deferred to this Court as to whether Plaintiff should be granted leave to amend the FAC. A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). However, "a district court may deny [a pro se plaintiff] leave to amend when amendment would be futile." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (citations omitted). Here, the Court has carefully considered whether Plaintiff should be granted leave to further amend his claims. Plaintiff already amended the pleadings once. (ECF No. 20.) Additionally, while the County and State Defendants' motions to dismiss were pending, Plaintiff filed an "Emergency Motion" seeking leave to file a second amended complaint adding, among other things, additional claims and parties. (ECF No. 61.) On June 8, 2020, Judge Tomlinson denied Plaintiff's "Emergency Motion" because Plaintiff did not attach any proposed amended complaint to his motion papers. (ECF No. 68.) Plaintiff did not attempt to cure his deficient his filing or renew his motion to amend the FAC. Additionally, in opposing the instant motions, Plaintiff included additional allegations and claims against the County and State Defendants which Judge Tomlinson considered. (ECF No. 77 at 27.) Finally, nothing in Plaintiff's objections supports granting leave to amend. Ultimately, for all of these reasons, the Court denies Plaintiff leave to amend.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that in forma pauperis status for the purpose of an appeal from this order would not be taken in good faith and therefore in forma

pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of the Court is directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated: December 1, 2020
       Central Islip, New York

                                                  /s/ (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE