UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
**CLERK**
4:56 pm, Apr 30, 2021

For Online Publication Only

-------------------------------------------------------------------X

STANLEY DAVIS,

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

                  Plaintiff,

   -against-

**ORDER**

18-CV-00303 (JMA) (AKT)

TOWN OF RIVERHEAD, ET AL.,

                  Defendants.

-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

By Electronic Order dated April 15, 2021, pro se plaintiff, Stanley Davis ("Plaintiff"), was warned that:

> if he interacts (either in person or over the telephone) with staff at the Courthouse, including the Clerk's Office and the Pro Se Office, he must be courteous and respectful, and must refrain from yelling or engaging in any other inappropriate or threatening behavior. If Plaintiff engages in any further inappropriate conduct with the court personnel, I may enter an order that: (1) enjoins Plaintiff from calling the Pro Se Office/Clerk's Office; (2) enjoins Plaintiff from personally filing any papers at the Court and entering the Clerk's Office; (3) requires that all future submissions from Plaintiff be sent to the Court through the mail.

On April 19, 2021, Plaintiff again contacted the Clerk's Office via telephone.   Clerk's Office Staff informed the undersigned that Plaintiff stated that he was trying to get into the Courthouse, but was unable to do so because the doors were locked.   An employee of the Clerk's Office explained that the Courthouse opens at 8:30 A.M. and the Clerk's Office doors open at 10:00 A.M.   Plaintiff cursed at the employee and the call concluded.   Another employee of the Court then contacted Plaintiff via telephone and Plaintiff shouted and was verbally aggressive toward the employee. As a result of this report, the undersigned entered a second Electronic Order that:

> again advised and warned [Plaintiff] that if he interacts (either in person or over the telephone) with staff at the Courthouse, including the Clerk's Office and the Pro Se

1

Office, he must be courteous and respectful, and must refrain from yelling or engaging in any other inappropriate or threatening behavior.   If Plaintiff engages in any further inappropriate conduct with the court personnel, I may enter an order that: (1) enjoins Plaintiff from calling the Pro Se Office/Clerk's Office; (2) enjoins Plaintiff from personally filing any papers at the Court and entering the Clerk's Office; (3) requires that all future submissions from Plaintiff be sent to the Court through the mail.

See Electronic Order, dated April 22, 2021.   On April 22, 2021, Plaintiff filed a Notice of Appeal of the April 15, 2021 Electronic Order.   This Notice of Appeal was received in the mail.

Because Plaintiff is proceeding in forma pauperis in the district court (see ECF No. 6), such status continues on appeal unless it is revoked.   See Fed. R. App. P. 24(a)(3); Akande v. United States Marshal Serv., Dir., No. 13-69, 2013 WL 12437530, at *1 (2d Cir. Mar. 27, 2013) (denying application to proceed in forma pauperis on appeal as "unnecessary[] because Appellant was granted in forma pauperis status in the district court and that status was not revoked").   For the reasons that follow, leave to appeal in forma pauperis is revoked.

## I. DISCUSSION

Federal Rule of Appellate Procedure 24(a)(3) provides, in relevant part, that: "A party who was permitted to proceed in forma pauperis in the district-court action . . . , may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court - before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding; or (B) a statute provides otherwise."   The in forma pauperis statute, 28 U.S.C. § 1915(a)(3), provides, in relevant part that: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."   The United States Supreme Court has made clear that an appellant demonstrates "good faith" when he seeks review of a nonfrivolous issue.   Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

2

Here, Plaintiff's appeal is frivolous and is not taken in good faith.   First, Plaintiff seeks an improper interlocutory appeal.   See 28 U.S.C. § 12921; see also U.S. S.E.C. v. Citigroup Glob. Markets Inc., 827 F. Supp. 2d 336, 337 (S.D.N.Y. 2011) ("Because interlocutory appeals derail the orderly conduct of lawsuits and result in piecemeal and duplicative litigation, such interim appeals are strongly disfavored in the federal system.") (citing Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100 (2009)).   A plaintiff's filing of a "plainly unauthorized notice of [interlocutory] appeal" does not divest the district court of jurisdiction.   Citigroup Glob. Markets Inc., 827 F. Supp. 2d at 337 (citing United States v. Rodgers, 101 F.3d 247, 251–52 (2d Cir. 1996)).

Second, contrary to Plaintiff's description of the Court's April 15, 2021 Electronic Order in his Notice of Appeal, Plaintiff has not been sanctioned by the Court.[2]   Rather, the April 15, 2021 Electronic Order Plaintiff seeks to appeal simply warns Plaintiff that further disruptive, inappropriate, and discourteous behavior towards Court employees will not be tolerated.   See Electronic Order, dated April 15, 2021.   The April 15, 2021 Order (as well as the April 22, 2021 Order) merely warns Plaintiff that the Court "may enter an order that: (1) enjoins Plaintiff from calling the Pro Se Office/Clerk's Office; (2) enjoins Plaintiff from personally filing any papers at the Court and entering the Clerk's Office; (3) requires that all future submissions from Plaintiff be sent to the Court through the mail."   (Emphasis added.)   Should Plaintiff continue to yell or curse

---

[1] A Court may certify an order for interlocutory appeal when it involves (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from which may   materially advance the ultimate termination of the litigation.   28 U.S.C. § 1292(b).   The moving party has the burden of establishing all three substantive criteria.   See Casey v. Long Island R.R., 406 F.3d 142, 146 (2d Cir. 2005).   Even if the Court were to liberally construe Plaintiff's submission as a motion to certify an order for interlocutory appeal, he has not attempted to show that any of these three required elements are satisfied and it is clear that none of elements have been met.

[2] See ECF No. 93 at 3 ". . . say I have to mail in document can't call pro se office.   I want them to lift this. [T]hey better have prove [sic]."

or otherwise engage in inappropriate behavior with Court staff, Plaintiff will be ordered to show cause why an order imposing the restrictions set forth above should not be entered by the Court. See Koehl v. Bernstein, 740 F.3d 860, 863 (2d Cir. 2014) (affirming dismissal of pro se complaint as a sanction, after notice and an opportunity to be heard, because plaintiff refused to cease his offensive, abusive, and insulting language towards the court); see also Komatsu v. City of New York, No. 20-CV-7502, 2020 WL 7251384, at *3 (S.D.N.Y. Nov. 17, 2020) (citing Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions.") (citation and internal quotation marks omitted))).

Plaintiff's interlocutory appeal is not taken in good faith because, among other reasons, the Court has not yet imposed any sanction on Plaintiff.   Accordingly, Plaintiff's in forma pauperis status is revoked for purposes of an appeal of the Court's Electronic Orders dated April 15, 2021 and April 22, 2021, as well as the instant Order.   See 28 U.S.C. § 1915(a)(3); Coppedge, 369 U.S. 438, 444-45.   Any further request to proceed in forma pauperis for the purpose of appealing any of those orders must be directed to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## II. CONCLUSION

For the reasons set forth above, there is no good faith basis for Plaintiff's unauthorized interlocutory appeal.   Accordingly, in forma pauperis status is revoked for the purposes any appeal of the Court's Electronic Orders dated April 15, 2021 and April 22, 2021, as well as the instant Order.   See 28 U.S.C. § 1915(a)(3); Coppedge, 369 U.S. 438, 444-45.   Any further request to proceed in forma pauperis for the purpose of appealing any of those orders must be

directed to the United States Court of Appeals for the Second Circuit in accordance with Rule 24

of the Federal Rules of Appellate Procedure.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

**SO ORDERED**.

Dated:   April 30, 2021
            Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE