UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
 STANLEY DAVIS,

                                         Plaintiff,

                                                          Docket No.
                    -against-                             18-cv-0303 (JMA)(AKT)

COUNTY OF SUFFOLK, TOWN OF RIVERHEAD,
THOMAS CLAVIN, in his individual capacity, N.Y.S.
TROOPERS RCHARD GANTT, GREGORY DINI, and
"JOHN" HANLEY, in their individual capacities,

                                         Defendants.

------------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**


                                        SOKOLOFF STERN LLP
                                        *Attorneys for Defendant*
                                        *Town of Riverhead*
                                        179 Westbury Avenue
                                        Carle Place, New York 11514
                                        (516) 334-4500
                                        File No. 190050


*Of counsel:*
  Brian S. Sokoloff

# TABLE OF AUTHORITIES

CASES

*Berry v. Village of Millbrook*,
   815 F.Supp.2d 711 (S.D.N.Y. 2011) ......................................................................... 3

*Bryant v. S. Country Cent. Sch. Dist.*,
   2017 WL 1216553 (E.D.N.Y. 2017) ......................................................................... 3

*Neurological Surgery, P.C. v. Travelers Co.*,
   243 F. Supp.3d 318 (E.D.N.Y. 2017) ....................................................................... 3

*Robinson v. Am. Int'l Grp., Inc.*,
   2009 WL 3154312 ..................................................................................................... 3

*Senno v. Elmsford Union Free Sch. Dist.*,
   812 F.Supp.2d 454 (S.D.N.Y. 2011) ......................................................................... 3

STATUTES

42 U.S.C. § 1983 ........................................................................................................... 3

**PRELIMINARY STATEMENT**

The Court should dismiss Plaintiff's claims because he effectively abandoned all claims against Defendant Town of Riverhead. In his reply, Plaintiff did not address Defendant's arguments. Plaintiff simply repeated most factual allegations from his First Amended Complaint, which Defendant has addressed in detail in the Memorandum of Law in Support of the Motion to Dismiss. Plaintiff added new materials in opposition. But he again failed to show the Defendant is responsible for any alleged wrongdoing.

**ARGUMENT**

**POINT I        PLAINTIFF HAS ABANDONED ALL HIS CLAIMS**

In opposition, Plaintiff simply concludes that Justice Smith's words and conduct manifested bias and prejudice towards Plaintiff through legal process. *See* Pl. Opp. Memo of Law, p. 12. While Plaintiff added more conclusory and vague materials, Plaintiff effectively abandoned all his claims, turning a blind eye to the Town's argument that Plaintiff cannot state any cause of action against the Town of Riverhead ("the Town").

Where a non-moving party fails to address arguments in his opposition papers, the claim is deemed abandoned. *See e.g. Neurological Surgery, P.C. v. Travelers Co.*, 243 F. Supp.3d 318, 329 (E.D.N.Y. 2017) (argument waived because it was not addressed in a party's opposition brief); *Senno v. Elmsford Union Free Sch. Dist.*, 812 F.Supp.2d 454, 468 (S.D.N.Y. 2011) ("Plaintiff did not address this argument in his opposition papers, which operates as an abandonment of the argument.") (citing *Robinson v. Am. Int'l Grp., Inc.*, 2009 WL 3154312, at *4 n. 65 (S.D.N.Y. Sept. 30, 2009), *aff'd,* 396 F. App'x 781 (2d Cir. 2010)); *Bryant v. S. Country Cent. Sch. Dist.*, No. 14-cv-5621, 2017 WL 1216553, at *19 (E.D.N.Y. 2017).

Plaintiff has abandoned his *Monell* Claim against the Town. Plaintiff again ignored Defendant's argument that Plaintiff failed to state a cause of action against the Town under 42 U.S.C. § 1983 and *Monell* and its progeny. Plaintiff did not identify a Town of Riverhead custom or policy that led to the alleged First Amendment retaliation against Plaintiff. Offered another chance, Plaintiff still cannot show Justice Smith is an official with "final policymaking authority." A local judge is not a municipal policymaker. *Berry v. Village of Millbrook*, 815 F.Supp.2d 711, 718 (S.D.N.Y. 2011). Finally, Plaintiff did not even attempt to support a negligent hiring, retention, or supervision of Justice Smith by the Town.

2

Plaintiff offered new materials in opposition. None addresses the Town's arguments or stated any new cause of action against the Town.

Plaintiff attempts to impose liability upon the Town for Justice Smith's decision in a lawsuit. He claims Justice Smith violated Plaintiff's double jeopardy protection by referring to Plaintiff's criminal history in an unidentified writing. *See* Pl. Opp. Memo of Law, pp. 9-10. The Town is no more liable for judicial decisions of Justice Smith than the United States is for decisions of this Court.

Plaintiff attempted to blame the Town for another judge's alleged wrongdoing by adding new baseless factual allegations. But this will not change the outcome as Plaintiff still fails to state a cause of action against the Town.

The Court should dismiss all Plaintiff's claims.

## CONCLUSION

Defendant respectfully requests this Court grant its motion and dismiss this action in its entirety, along with awarding defendant such other relief as this Court may deem just, equitable, and proper.

Dated: Carle Place, New York
        May 5, 2021

SOKOLOFF STERN LLP
*Attorneys for Defendant*

Brian S. Sokoloff
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500