UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STANLEY DAVIS,

                Plaintiff,

      -against-

TOWN OF RIVERHEAD, et al.,

                Defendants.
------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
18-CV-303 (JMA) (AYS)

**FILED**
**CLERK**

10:21 am, Mar 29, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

Stanley Davis
43 Argyle Drive
Shirley, NY 11967
       *Pro Se Plaintiff*

Brian S. Sokoloff
Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, NY 11514
       *Attorney for the Town of Riverhead*

**AZRACK, United States District Judge:**

Pro se plaintiff Stanley Davis ("Plaintiff") commenced this action against defendants County of Suffolk (the "County"), Town of Riverhead (the "Town"), Suffolk County Supreme Court Clerk Specialist Thomas Clavin ("Clavin") and New York State Troopers Richard Gantt, Gregory Dini, and John Hanley (collectively with Gantt and Dini, the "State Troopers" and collectively with Clavin, the "State Defendants") in January 2018. On January 29, 2019, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 20.) Presently before the Court is the Town's motion to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the Town's motion to dismiss.

## I. BACKGROUND

### A. Procedural Background

On October 1, 2019, the County and State Defendants filed motions to dismiss the FAC. (ECF Nos. 57, 58.)   On October 30, 2020, the late Honorable Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation ("R&R"), which:  (1) granted the County's motion to dismiss the Monell claim under Section 1983; (2) denied the State Defendants' motion to dismiss Plaintiff's false arrest claim as to the State Troopers but granted it as to Defendant Clavin; and (3) granted the State Defendants' motion to dismiss all other claims (malicious prosecution and First Amendment retaliation under Section 1983 and claims for conspiracy under Sections 1983, 1985, and 1986).  (ECF No. 77.)  This Court adopted the R&R.  (ECF No. 83.)

On November 2, 2020, the Town filed a letter with this Court stating that it had served a motion to dismiss on Plaintiff on May 20, 2019, but that it had not been served with Plaintiff's opposition.  (ECF No. 78.)  On December 22, 2020, the Court entered an order directing the pro se Plaintiff to either serve an opposition on the Town or inform the Court that he did not wish to file an opposition but still intended to prosecute his claims against the Town.  (Electronic Order, December 22, 2020.)  The Court then directed the Town to re-serve its motion to dismiss on the pro se Plaintiff and set a briefing schedule for the opposition and reply.  (Electronic Order, April 8, 2021.)  The Town filed its motion to dismiss.  (ECF Nos. 98, 99, "Def. Mot.").  Plaintiff filed an opposition, (ECF No. 93, "Opp."), and the Town filed a reply, (ECF No. 100, "Reply").  Accordingly, the Town's motion to dismiss is now fully briefed.

### B. Factual Background

On November 13, 2010, Plaintiff's son was tragically stabbed to death on the premises of

Commack Hotel, LLC d/b/a/ Howard Johnson ("Howard Johnson"). (FAC at 7[1].) Plaintiff instituted a civil action in the New York State Supreme Court, Suffolk County, against Howard Johnson, among others, arising from the death of his son. (Id. at 8.) New York State Supreme Court Justice Peter H. Mayer presided over Plaintiff's civil action. (Id.) On June 16, 2016, Plaintiff submitted a written request to court staff for "court minutes" in connection with his civil action. (Id. at 9.) On June 23, 2016, Plaintiff's power-of-attorney picked up the requested court minutes. (Id.) On June 30, 2016, New York State troopers arrested Plaintiff at his home. (Id.) He alleges that a warrant was never issued for his arrest. (Id.) Plaintiff was charged with aggravated harassment in the second degree under New York Criminal Procedure Law § 240.30(1)(a). (Id. at 8.) This charge was based on a June 29, 2016 complaint reported by Thomas Clavin, a Court Clerk. (Id. at 9.) In the complaint, Clavin stated that Plaintiff came to his office on June 24 requesting the court minutes. Afterwards, Plaintiff called his office and threatened another clerk and threated to cut Clavin's head. (Id.)

Plaintiff was arraigned on July 1, 2016 by Riverhead Town Justice Allen Smith ("Town Justice Smith"). Town Justice Smith told Plaintiff: "If you want to threaten and yell at someone don't do it to 'ONE OF MY CLERK'S' (sic) threaten and yell at me!" (Id. at 8) (emphasis in original.) Plaintiff alleges that Town Justice Smith issued an order of protection prohibiting Plaintiff from accessing the Suffolk County Supreme Court. In particular, he alleges that "[t]he overly broad order of protection, issued pursuant to Suffolk County and town of Riverhead policies, violated Plaintiff's constitutional right to seek justice in the state court." (Id. at 1.) Plaintiff alleges that this order of protection prevented Plaintiff from pursuing and defending his open pro se cases and allowed Justice Peter H. Mayer to grant summary judgment to the

---

[1] The Court cites to the ECF page numbers of the FAC.

defendant in one of those cases.  (Id. at 12.)

Plaintiff was then prosecuted and tried before a jury.  (Id. at 9.)  Plaintiff alleges that, at jury selection, Town Justice Smith dismissed "the only African American juror due to race."  (Id. at 10.)  During the trial, Plaintiff claims that Town Justice Smith "continued to threaten Plaintiff into not mentioning any occurrences from June 29th to the jury or Plaintiff would be physically dragged out of court."  (Id. at 9.)  The trial resulted in a hung jury and Town Justice Smith declared a mistrial.  (Id.)

Plaintiff alleges that the Suffolk County ADA informed him that he or she would not be retrying the case.  (Id.)  Plaintiff alleges that Town Justice Smith "refused to allow the ADA not to re-prosecute the case again due to the pending lawsuit for false arrest" and that Town Justice Smith stated, "I have to check with Judge Peter H. Mayer as to what he wants me to do."  (Id. at 9-10.)  Plaintiff claims that Town Justice Smith "decided not to retry the case but to fabricate court documentation stating Plaintiff is [unfit] under [New York] CPL § 730.10."  (Id. at 10.)  Plaintiff alleges that "Mayer and Smith did act in complicity and collusion . . . with Court Clerk Thomas D. Calvin [sic] in his individual capacity to deny Plaintiff his constitutional rights under the color of law."  (Id. at 8.)  Plaintiff claims that the Town knew "of the ongoing problem with the violent behavior of Justice [] Smith," and is liable for "false arrest, negligence in the hiring, and retention" of Town Justice Smith.  (Id. at 10.)

As to injuries, Plaintiff alleges that he "was unable to defend a pro se case … [lost] on summary judgment" and "live[d] with the continued burden that Smith would not stop his reign of terror."  (Id. at 12.)

C. **Additional Allegations in the Opposition**

Although much of Plaintiff's opposition repeats the same allegations in the FAC, Plaintiff makes some new allegations which the Court addresses here.  (ECF No. 93, Opp.)  Plaintiff

alleges that, during the trial, Town Justice Smith refused to allow Plaintiff to call certain witnesses and introduce certain evidence, and called him a criminal within earshot of the jury. (Id. at 4[2].) Plaintiff also claims that Town Justice Smith "co[a]xed" Clavin when "he was caught in several discrepancies" during his testimony at trial. (Id. at 11.) Plaintiff claims that the state court labeled him incompetent to proceed pro se "because they know that they had nothing else on [him]." (Id. at 6.) Plaintiff also argues that Justice Allen is biased and prejudiced against Plaintiff. (Id. at 12.) Plaintiff alleges that in July 2018, all charges against him were dismissed. (Id. at 1.)

Plaintiff also alleges that another judge, Justice Reilly, is currently presiding over his civil case in state court and that he "never read any files or documents, just going by what we said in the court room the last 2 appearances and ready to make a decision." (Id. at 6.) Plaintiff requests that Justice Reilly and Justice Allen both step down from their respective cases and for the "Federal Court to step in." (Id. at 6-7.)

In an abundance of caution, the Court has construed Plaintiff's opposition as a motion to amend to add these additional factual allegations to the Complaint. For the reasons stated below, any such motion would be denied as futile.

## II.  DISCUSSION

### A. Standard of Review

The Court is mindful that when considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is

---

[2] The Court cites to the ECF page numbers of the Opposition.

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "[M]ere conclusions of law or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).  In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

Construing the Complaint liberally, Plaintiff alleges three claims against the Town:  First Amendment retaliation under Section 1983; false arrest under Section 1983; and a state law claim for negligent hiring and retention.  The Town moves to dismiss all claims.

**B. First Amendment Retaliation**

Section 1983 provides a remedy for constitutional deprivations occasioned by state actors. To prevail on a Section 1983 claim, the plaintiff must allege that the conduct complained of: (1) was committed by a person acting under color of state law; and (2) deprived the plaintiff of rights, privileges, or immunities secured by the United States Constitution or laws of the United States.  See Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)  When a plaintiff asserts a Section 1983 claim against a municipal defendant, plaintiff must allege that "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Authority of New York & New Jersey, 615 F.3d 129, 140 (2d Cir. 2010) (citations omitted). Municipal liability is "an extension of liability, not an independent cause of action, and therefore

requires an underlying constitutional violation." Soto v. City of New York, 132 F. Supp. 3d 424, 459 (E.D.N.Y. 2015) (citing Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006)). "Where the contention is not that the actions complained of were taken pursuant to a local policy that was formally adopted or ratified but rather that they were taken or caused by an official whose actions represent official policy, the court must determine whether that official had final policymaking authority in the particular area involved." Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000). (internal citations omitted). "[O]nly those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability." Id. (internal citations omitted).

To state a First Amendment retaliation claim under Section 1983, a plaintiff must allege: (1) an interest protected by the First Amendment; (2) that the defendants' actions were motivated or substantially caused by the exercise of the plaintiff's First Amendment right; and (3) the defendants' actions effectively chilled the exercise of the plaintiff's First Amendment right. Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001).

Here, Plaintiff alleges that Town Justice Smith issued an order of protection against Plaintiff that barred him from accessing Suffolk County Supreme Court. (FAC at 1.) Plaintiff alleges that the order of protection was "overly broad" and was "issued pursuant to Suffolk County and town of Riverhead policies." (Id. at 1.) The Town argues that Plaintiff's claim must be dismissed because: (1) Plaintiff does not identify a Town custom or policy that led to the alleged First Amendment retaliation against Plaintiff; and (2) Town Justice Smith did not have "final policy making authority." (Def. Mot. at 6-7; Reply at 2.)

The Court agrees that Plaintiff does not plausibly allege a claim against the Town because he does not identify a policy or custom of the Town that caused Plaintiff to be subjected to a

constitutional violation. Plaintiff states vaguely that Town Justice Smith issued the order of protection "pursuant to Suffolk County and town of Riverhead policies" without identifying what those policies are. (FAC at 1.) A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1937 (alteration in original) (internal quotation and citations omitted). Plaintiff must do more than "simply state that a municipal policy or custom exists" but, rather, must allege "facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). Plaintiff's vague allegation with nothing more is insufficient. Moreover, as the Town explains, state law, not a Town policy or custom, authorizes Town Justices to issue orders of protection and impose conditions. See New York Criminal Procedure Law § 530.13.

The Court also agrees that Town Justice Smith was not an official with final policymaking authority. "[W]hether a particular official has final policymaking authority is a question of state law." City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). "The Second Circuit has not addressed the policymaking authority of judges; however, other circuits have determined that municipal judges do not act as policymakers and therefore a municipality cannot be liable under Monell for a Section 1983 claim based solely on the actions of its judges." Bliven v. Hunt, 478 F.Supp.2d 332, 337 & n. 2 (E.D.N.Y. 2007), aff'd, 579 F.3d 204 (2d Cir. 2009) (citing cases from the Fifth, Seventh, Eighth, Ninth, and Tenth Circuits). Moreover, "multiple district courts have determined that under New York law, village and similar judges are not considered policymakers for the purposes of evaluating a Monell claim." Berry v. Vill. of Millbrook, 815 F. Supp. 2d 711, 719 (S.D.N.Y. 2011) (collecting cases) (finding municipal judge was not policymaker and therefore the municipality was not liable under Monell for a Section 1983 claim); Wheeler v.

Wallkill, No. 16-CV-7441, 2017 WL 2999503, at *7 (S.D.N.Y. July 13, 2017) (same).  The Court agrees and finds that Town Justice Smith was not a policymaker for the purposes of a Monell claim under Section 1983.

Accordingly, Plaintiff's First Amendment retaliation claim is dismissed.

## C. <u>False Arrest</u>

Plaintiff alleges the Town is liable for false arrest.  (FAC at 10.)  To state a claim for false arrest under Section 1983, a plaintiff must show that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."  Liranzo v. United States, 690 F.3d 78, 95 (2d Cir. 2012) (internal quotation marks and citations omitted).

The FAC alleges that Plaintiff was arrested by the State Troopers.  (FAC at 9.)  As the Town explains, Plaintiff does not allege that the Town had any involvement in his arrest.  Therefore, the FAC does not plausibly allege any false arrest claim against the Town.  See, e.g., Smith v. Doe, No. 10-cv-3136, 2010 WL 3733103, at *2 (S.D.N.Y. 2010) (granting dismissal of plaintiff's false arrest claim against the Housing Authority where plaintiff alleged that he was arrested by the NYPD but made no allegations that the Housing Authority was responsible for the actions of the NYPD officers).  Accordingly, this claim is also dismissed.

## D. <u>State Law Claim for Negligent Hiring and Retention</u>

Plaintiff also raises a state law claim for negligent hiring and retention.  Plaintiff alleges the Town knew "of the ongoing problem with the violent behavior of Justice [] Smith," and is liable for "false arrest, negligence in the hiring, and retention" of Town Justice Smith.  (FAC at 10.)

"To state a claim for negligent hiring, retention, or supervision under New York law, a plaintiff must satisfy the standard negligence elements and, additionally, show that (1) the

tortfeasor and the defendant were in an employee-employer relationship; (2) the employer knew or should have known of the employee's propensity for the alleged tortious conduct; and (3) tort was committed on the employer's premises or with the employer's chattels." Torain v. Casey, 2016 WL 6780078, at *7 (S.D.N.Y. 2016), report and recommendation adopted, 2016 WL 6775440 (S.D.N.Y. 2016).

Plaintiff fails to allege an employer-employee relationship between the Town and Justice Smith.  First, Town Justice Smith is elected by a vote of the public, not by the Town[3]. Furthermore, the New York Commission on Judicial Conduct, not the Town, can penalize or remove a Town Justice.  See Article 6, Section 22, of the New York State Constitution.

Accordingly, the Court dismisses Plaintiff's state law claim for negligent hiring and retention.

**E. Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009).  However, "a district court may deny [a pro se plaintiff] leave to amend when amendment would be futile." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (citations omitted).  Here, the Court has carefully considered whether Plaintiff should be granted leave to further amend his claims.  First, Plaintiff already amended the pleadings once.  (ECF No. 20.) Second, while the County and State Defendants' motions to dismiss were pending, Plaintiff filed

---

[3] According to the Suffolk County Town and Village Courts Directory located on the website of the NYS Unified Court System, Riverhead Town Justices are elected. See https://www.nycourts.gov/LegacyPDFS/COURTS/10jd/suffolk/pdf/TownAndVillageCourtDirectory.pdf.  Town Justice Smith was elected in the 2012 and 2016 general elections according to election results posted on the Suffolk County Board of Elections website. See https://www.suffolkcountyny.gov/Departments/BOE/Election-Results. The Court takes judicial notice of these facts.

an "Emergency Motion" seeking leave to file a second amended complaint adding, among other things, additional claims and parties.  (ECF No. 61.)  On June 8, 2020, Judge Tomlinson denied Plaintiff's "Emergency Motion" because Plaintiff did not attach any proposed amended complaint to his motion papers.  (ECF No. 68.) Plaintiff did not attempt to cure his deficient his filing or renew his motion to amend the FAC.  Third, in opposing the instant motions, Plaintiff included additional allegations which the Court considered.  Even considering those additional allegations, Plaintiff's claims are futile.  Ultimately, for all of these reasons, the Court denies Plaintiff leave to amend.

### III.  CONCLUSION

For the foregoing reasons, the Town's motion to dismiss is **GRANTED**.  Plaintiff is denied leave to amend.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court directed to mail a copy of this Order to the pro se plaintiff at his last known address.

**SO ORDERED.**

Dated:  March 29, 2022
          Central Islip, New York

                                                    _____/s/ (JMA)_____
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE