UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STANLEY DAVIS,

                       Plaintiff,

             - against -

RICHARD GANTT, GREGORY DINI, and
JOHN HANLEY, N.Y.S. Troopers, in their
individual capacities,

                  Defendants.[1]
------------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-303 (PKC) (AYS)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Stanley Davis ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of his constitutional rights in connection with his arrest on June 30, 2016. (*See* Am. Compl., Dkt. 20 ("Am. Compl.") at ECF 6, 11.)[2] Defendants Richard Gantt ("Officer Gantt"), Gregory Dini ("Officer Dini"), and John Hanley ("Officer Hanley") (collectively, "Defendants")—New York State Troopers who are being sued in their individual capacities—have moved for summary judgment. For the reasons discussed below, the Court grants Defendants' motion and terminates this action.

---

[1] Former defendants County of Suffolk, State of New York, Town of Riverhead, New York State Unified Court System, and Thomas Clavin, in his individual capacity, were previously terminated from this action. (*See* R. & R., Dkt. 77 at 27; Order Adopting R. & R., Dkt. 83 at 2–3; 3/29/2022 Mem. & Order, Dkt. 110 at 1.) Therefore, those defendants are omitted from the case caption.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**BACKGROUND**

I.    **Relevant Facts**[3]

Plaintiff's son died tragically in November 2010.  (*See* Am. Compl. at ECF 7.)[4]  Following

the tragedy, Plaintiff filed lawsuits in Suffolk County Supreme Court seeking to assert his rights

as administrator of his late son's estate.  (56.1 ¶ 2.)[5]  In connection with those lawsuits, Plaintiff

---

[3] On a motion for summary judgment, the Court construes any disputed facts in the light most favorable to the non-moving party—here, Plaintiff.  *See Est. of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016).  In this case, however, Plaintiff failed to submit a counterstatement in response to Defendant's Rule 56.1 statement as required under Local Rule 56.1.  (*See generally* Dkt. 170 ("Pl.'s Opp'n").)  As Defendants served Plaintiff with the requisite notice pursuant to Local Rule 56.2—which explains the summary judgment process to *pro se* litigants and the consequences of the failure to properly respond to the summary judgment motion—and attached copies of Federal Rule of Civil Procedure 56 and Local Rule 56.1 as required by the rules, (*see* Dkt. 169-2), the Court has "discretion to consider any properly supported facts in Defendants' [Rule 56.1 statement as] admitted[,]" *Thomas v. C.R. Bard, Inc.*, No. 20-CV-2738 (CS), 2022 WL 16748753, at *1 n.1 (S.D.N.Y. Nov. 7, 2022); *see also Vasquez v. Warren*, 630 F. Supp. 3d 524, 528 n.1 (S.D.N.Y. 2022) (noting that the court "could have regarded [the defendants'] version [of a Rule 56.1 statement] as entirely undisputed" due to *pro se* plaintiff's failure to comply with Local Rule 56.1 even though the plaintiff had been given the required Local Rule 56.2 notice).  Thus, because Plaintiff failed to submit a statement of material facts or a counterstatement in response to Defendants' statement of material facts, the Court deems Defendants' Rule 56.1 statement to be "undisputed for purposes of [Defendants'] motion."  Fed. R. Civ. P. 56(e).

[4] While Plaintiff's *pro se* submission understandably suffers from deficiencies, Defendants' Rule 56.1 statement is inexplicably confusing.  It contains several references to Plaintiff's factual allegations from the Amended Complaint.  (*See, e.g.*, Dkt. 169-2 ("56.1") ¶¶ 1, 3–5, 10, 15.)  This is contrary to what Local Rule 56.1 requires, which is a "concise statement . . . of the material facts *as to which the moving party contends there is no genuine issue to be tried*."  Local Rule 56.1(a) (emphasis added).  Based on Defendants' briefing, it appears that they included Plaintiff's complaint allegations in their Local Rule 56.1 statement in order to argue that based on the "undisputed" evidence, i.e., Plaintiff's allegations, about Defendants' conduct, no jury could find that Defendants caused Plaintiff any injury.  To the extent Defendants are instead assuming the truth of Plaintiff's allegations for purposes of their argument, they could and should have done so simply by way of argument in their memorandum of law, and not by including Plaintiff's factual allegations in their Local Rule 56.1 statement of undisputed facts.

[5] Any citation to a 56.1 statement incorporates by reference the documents cited therein; where relevant, however, the Court may cite an underlying document directly.  *See* Local Rule 56.1(c)–(d).

sought to obtain various court minutes.  (*See id.* ¶ 4.)

On June 24, 2016, Plaintiff visited the court regarding his minutes.  (*See* Dkt. 169-4 at ECF 4.)  Later that day, Thomas Clavin ("Clavin"), a court clerk, received a telephone call from Plaintiff, who was asking about his minutes order.  (*Id.*)  When Clavin told Plaintiff that he had received all of the minutes he had requested, Plaintiff seemed to become angry and told Clavin that Plaintiff would come down to the courthouse and cut off Clavin's head.  (*Id.*; *see also* 56.1 ¶ 5.)  Plaintiff made the same statement about another court employee during the telephone call. (Dkt. 169-4 at ECF 4; 56.1 ¶ 7.)

Clavin pursued charges against Plaintiff.  (56.1 ¶ 8.)  To that end, on June 29, 2016, Clavin signed a deposition attesting to what had happened.  (Dkt. 169-4 at ECF 4; 56.1 ¶¶ 8–9.)  Clavin's sworn statement was attached in support of an information against Plaintiff that charged Plaintiff with aggravated harassment in violation of New York Penal Law § 240.30.  (Dkt. 169-4 at ECF 2–4; 56.1 ¶¶ 8–9.)  The sworn statement was taken by Officer Gantt.  (Dkt. 169-4 at ECF 4.)

On June 30, 2016, Plaintiff was arrested by Officer Gantt, assisted by Officer Dini.  (*See* 56.1 ¶ 10.)  After a trial that resulted in a hung jury, (*id.* ¶ 15), Plaintiff underwent a mental capacity examination and was found to lack the capacity to assist in his own defense or understand the proceedings against him, (*id.* ¶ 16).  The charge against him was dismissed.  (*Id.*)

## II.    The Instant Litigation

On January 17, 2018, Plaintiff initiated this lawsuit.  (Dkt. 1.)  On January 29, 2019, Plaintiff filed the operative Amended Complaint, alleging that, as relevant here, Defendants arrested Plaintiff without probable cause.  (*See* Am. Compl. at ECF 1, 5.)  On October 30, 2020, the late Honorable A. Kathleen Tomlinson, Magistrate Judge, issued a Report and Recommendation, which recommended that the Court dismiss all of Plaintiff's claims except one

that Judge Tomlinson construed as alleging false arrest, and that the Court dismiss all defendants except Officers Gantt, Dini, and Hanley.  (Dkt. 77 at 27.)  The Court adopted Judge Tomlinson's Report and Recommendation in its entirety on December 1, 2020.  (Dkt. 83 at 2–3.)  Thus, the only remaining claim in this action is one for false arrest against those three officers.

After the parties engaged in discovery, Defendants filed the instant motion for summary judgment.  (Dkt. 169.)  The motion was fully briefed as of February 9, 2024.  (*See* Dkt. 169-12; Pl.'s Opp'n; Dkt. 171 ("Reply").)

## LEGAL STANDARD

Summary judgment is proper only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The mere existence of some factual dispute between the parties will not defeat a motion for summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Rather, a genuine issue of material fact exists "where the evidence is such that a reasonable jury could decide in the nonmovant's favor."  *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016) (quoting *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014)).  The Court resolves all factual ambiguities and draws all permissible inferences in favor of the nonmoving party.  *See Est. of Gustafson*, 819 F.3d at 675.

Initially, the movant must demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A movant may demonstrate the absence of a material factual dispute by pointing to the lack of evidence in support of an essential element of the plaintiff's claim.  *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023) (quoting *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013)).  Once the movant has met its burden, the nonmovant must present specific facts showing that there is a

genuine issue for trial.  *Id.*  If "little or no evidence may be found in support of the nonmoving party's case," summary judgment is proper.  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223–24 (2d Cir. 1994); *accord Ockimey v. Town of Hempstead*, 425 F. App'x 45, 45 (2d Cir. 2011) (summary order).

"A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record," or "(B) showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ."  Fed. R. Civ. P. 56(c).  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), "the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"  Fed. R. Civ. P. 56(e).  Thus, "a non-response runs the risk of unresponded-to statements of undisputed facts [proffered] by the movant being deemed admitted."  *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).  Even when a summary judgment motion is unopposed, however, the court may "rely on other evidence in the record even if uncited," and "must determine whether the legal theory of the motion is sound."  *Id.*

## DISCUSSION

Defendants argue that summary judgment is proper because the undisputed facts demonstrate that Defendants had probable cause to arrest Plaintiff, and "[t]he existence of probable cause . . . is a complete defense to an action for false arrest.  (Dkt. 169-12 ("Defs.' Mem."), at 5 (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).).  The Court agrees.

## I.      False Arrest

A "[Section] 1983 claim for false arrest derives from [a plaintiff's] Fourth Amendment

right to remain free from unreasonable seizures." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006). To prevail on a claim of false arrest, a plaintiff must prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F. 3d 63, 75 (2d Cir. 2003) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)).

"[T]he existence of probable cause is an absolute defense to a false arrest claim." *Jaegly*, 439 F.3d at 152. "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir 1995); *see also Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." (quoting *Weyant*, 101 F.3d at 852)).

Here, there is no material dispute of fact that Defendants had probable cause to arrest Plaintiff on June 30, 2016.[6] The undisputed facts show that Officer Gantt was advised of a crime— aggravated harassment—by a person who claimed to be the victim—Clavin—and that Clavin

---

[6] Plaintiff asserts that a video of his arrest, which he attached as an exhibit to his opposition, shows that Defendants arrested Plaintiff "on the pretense of having a warrant" which "was [n]ever produced," although Defendants "told [Plaintiff] it was left at the State Trooper's Barracks." (Pl.'s Opp'n at ECF 2, 8.) Even if, *arguendo*, Defendants lacked a warrant, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). The video is irrelevant to whether the officers had probable cause to arrest Plaintiff, since it shows only Defendants effecting Plaintiff's arrest and none of the events leading up to the arrest. (*See* Pl.'s Opp'n at ECF 2, 8, 12, 38.)

signed an information charging Plaintiff with that crime.  (*See* 56.1 ¶¶ 8–9); *Singer*, 63 F.3d at

119.  That is sufficient to establish probable cause.  *See Singer*, 63 F.3d at 119.  Although Plaintiff

suggests that Clavin lied about his telephone encounter with Plaintiff, (*see* Pl.'s Opp'n at ECF 3,

9), Plaintiff offers no evidence showing that Officer Gantt was made aware of "doubts as to the

victim's veracity," *Singer*, 63 F.3d at 119.  In any event, Plaintiff offers no evidence showing that

Clavin's veracity is in *genuine* dispute.[7]  *See* Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 248.

Consequently, summary judgment in Defendants' favor is warranted.[8]

## CONCLUSION

For all the foregoing reasons, Defendants' motion for summary judgment is granted.  The

Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 10, 2024
       Brooklyn, New York

---

[7] Plaintiff asserts that Clavin's sworn statement must have been false because it was made on June 29, 2016, but the incident in question occurred on June 24, 2016.  (*See* Pl.'s Opp'n at ECF 11.)  Mere delay between the incident and Clavin's sworn statement is not, in and of itself, evidence that Clavin falsified his statement.

[8] Defendants also argue that summary judgment is proper because Defendants are entitled to qualified immunity.  (Defs.' Mem. at 8–12; Reply at 4.)  Because the Court finds that the undisputed facts establish that Defendants had probable cause to arrest Plaintiff on June 30, 2016, the Court need not, and does not, address that argument.